THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DIVISION OF THE WESTERN DISTRICT OF TENNESSEE

WILLIAM J. CHATMAN,

    Plaintiff,

v.                                           No. 1:15-CV-1098
                                                   JURY DEMANDED

RAIDER EXPRESS, INC; and
WINSTON DENNIS, JR.,

    Defendants.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

      COMES NOW Plaintiff William J. Chatman, by and through the undersigned attorneys and pursuant to Federal Rule of Civil Procedure 15(a)(1), and brings this cause of action against the Defendants, both jointly and severally, and would show and state as follows:

**PARTIES**

      1.      Plaintiff William J. Chatman ("Plaintiff") is an adult resident citizen of Madison County, Tennessee.  Plaintiff brings this cause of action to collect any and all damages he may be entitled to recover under the law.

      2.      Defendant Raider Express, Inc. ("Defendant Raider Express") is a Texas corporation with its principle place of business located at 2400 Cold Springs, Ft. Worth, TX 76106.

      3.      Defendant Raider Express may be served with process through its President Michael Eggleton, Sr., 2400 Cold Springs, Ft. Worth, TX 76106.

      4.      Defendant Winston Dennis, Jr., ("Defendant Dennis") is an adult resident citizen of

Boyd, Texas, residing therein at ▮▮▮▮▮▮▮ Boyd, TX 76023. Pursuant to Tennessee Code Annotated § 20-2-203, Defendant Dennis's agent for service of process is the Secretary of State, which is located at 312 Rosa L. Parks Avenue, 6th Floor, Snodgrass Tower, Nashville, TN 37243-1102.

## JURISDICTION AND VENUE

5. This Court currently possesses subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1332.

6. Venue is currently proper in the Western District pursuant to 28 U.S.C. § 1391(b)(2).

7. This Complaint was filed within the applicable statute of limitations.

8. Defendant Raider Express was served with process.

9. Defendant Dennis was served with process.

## FACTUAL ALLEGATIONS

10. Defendant Raider Express is a refrigerated carrier that operates throughout the country through the use of employees, agents, servants and/or contractors, including Defendant Dennis, who perform transportation services within the scope of their employment, apparent authority, agency, or contract to act for the corporation.

11. Defendant Raider Express is liable for its own negligence, as well as the acts and omissions of its employees, agents, servants and contractors, including Defendant Dennis, by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, joint-venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

12. This cause of action stems from a wreck that occurred in Madison County, Tennessee, on June 10, 2014, at or around 11:00 p.m.

13. On June 10, 2014, at or around 11:00 p.m., Defendant Dennis was driving southbound on Dr. F. E. Wright Drive approaching the entry to the eastbound I-40 ramp.

14. The truck being driven by Defendant Dennis was owned and operated by Defendant Raider Express.

15. At all times pertinent, Defendant Dennis was acting in the course and scope of his employment and/or agency with Defendant Raider Express.

16. On June 10, 2014, at or around 11:00 p.m., Plaintiff was driving his car northbound on Dr. F. E. Wright Drive approaching the entry to the eastbound 1-40 ramp.

17. The intersection of Dr. F. E. Wright Drive and the entry to the eastbound 1-40 ramp ("the intersection") is controlled by traffic lights.

18. As Plaintiff approached and entered the intersection, intending to go through the intersection and continue north, Plaintiff had the green light.

19. At or about the same time as Plaintiff approached and entered the intersection, Defendant Dennis turned left in front of Plaintiff, striking Plaintiff's car.

20. The impact and damage to Plaintiff's car was severe.

21. Defendant Dennis should not have turned in front of Plaintiff because Plaintiff had the right of way.

22. As a result of the wreck, Plaintiff suffered serious and permanent injuries which would not have otherwise occurred.

23. Plaintiff did nothing to cause the wreck.

24. Drivers must maintain proper control over their vehicles at all times.

25. Drivers must keep a proper lookout when they drive, especially when weather conditions diminish visibility.

26. Drivers must devote their full time and attention to driving, and must keep aware of the road, of their surroundings, and of the other drivers on the road at all times.

27. Drivers must use caution when making left turns, and should only turn their vehicles when the turn can be accomplished safely.

28. Drivers should not turn in front of oncoming traffic if they have insufficient time or distance within which to complete the turn safely.

29. Drivers must obey applicable traffic signals.

30. Drivers of tractor-trailers are specially trained professionals, and the potential risks of death or grave bodily injury posed by any collision involving a tractor-trailer requires that drivers of tractor-trailers devote even greater care and attention to the rules of the road than ordinary motorists usually do.

## LIABILITY

### Count I - Negligence of Defendant Dennis

31. Defendant Dennis owed a duty of care to everyone on the roadway at the time of the wreck, including Plaintiff, to drive in a safe and reasonable manner.

32. Defendant Dennis breached his duty of care to Plaintiff, including, but not limited to, the following ways:

    a. Failure to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances;

    b.    Failure to yield the right of way;

    c.    Turning left in front of oncoming traffic that had the right of way;

    d.    Failure to maintain the vehicle he was operating under due and reasonable control;

    e.    Failure to maintain a due and proper lookout in the direction he was driving;

    f.    Failure to exercise care for the safety of other persons operating vehicles on the road;

    g.    Failure to devote full time and attention to the operation of a motor vehicle; and

    h.    Failure to adequately observe and follow the direction of traffic signals installed at the intersection.

33.    Defendant Dennis was guilty of violating the following statutes of the State of Tennessee, each of which were in full force and effect at the time of the accident, said violations constituting negligence per se, and each and every one of which was a direct and proximate cause of the accident and injuries described herein:

| | | | |
|---|---|---|---|
| a. | TENN. CODE ANN. § 55-8-103 | Required obedience to traffic laws - Misdemeanor; |
| b. | TENN. CODE ANN. § 55-8-109 | Obedience to any required traffic-control device; |
| c. | TENN. CODE ANN. § 55-8-110 | Traffic-control signals; |
| d. | TENN. CODE ANN. § 55-8-128 | Vehicle approaching or entering intersection; |
| e. | TENN. CODE ANN. § 55-8-136 | Drivers to exercise due care; and |
| f. | TENN. CODE ANN. § 55-8-197 | Failure to yield right of way; |

34.    As a direct and proximate result of Defendant Dennis' negligence as alleged herein,

Plaintiff sustained injuries and damages which would otherwise not have occurred.

## Count II - Vicarious Liability

35. At all times pertinent, Defendant Dennis was acting as an employee, agent, and/or servant of Defendant Raider Express thereby rendering Defendant Raider Express liable for any and all of the negligent acts or omissions of Defendant Dennis.

## Count III - Negligence of Defendant Raider Express

36. Defendant Raider Express owed a duty to the public, including Plaintiff, to act in a reasonable and prudent manner in the operation of its business, including, but not limited to, hiring qualified drivers, providing proper training and providing proper supervision of its drivers.

37. Defendant Raider Express breached this duty by negligently hiring, training, and/or supervising its drivers, including Defendant Dennis, including, but not limited to, the following ways:

    a. Failure to hire qualified and competent drivers;

    b. Failure to properly train and educate its drivers;

    c. Failure to properly supervise and discipline its drivers; and,

    d. Failure to use that degree of care required under the circumstances.

38. As a direct and proximate result of Defendant Raider Express's own direct negligence, Plaintiff suffered injuries and damages which would otherwise not have occurred.

## Count IV - Declaration of Unconstitutionality

39. Plaintiff seeks, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, a judicial determination of his legal rights with respect to Tenn. Code Ann. § 29-39-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102 violates the Tennessee

Constitution.

40. Plaintiff has alleged some injuries which are compensable only through non-economic damages, which, based upon severity, experience before the Tennessee courts and Tennessee juries in personal injury cases of similarly significant injuries, greatly exceed the applicable limitations on such damages under Tenn. Code Ann. § 29-39-102.

41. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Plaintiff's fundamental and "inviolate" right to trial by jury, guaranteed in Article 1, § 6 of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

42. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2 of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

43. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Plaintiff's fundamental right to a full remedy, guaranteed in Article 1, §§ 8 & 17 of the Tennessee Constitution.

44. A judicial determination of Plaintiff's rights is necessary and appropriate at this time because the uncertainty as to whether Tenn. Code Ann. § 29-39-102 can be applied

constitutionally has a direct and immediate impact on how Plaintiff prepares for trial, and the future course of this litigation will be controlled by resolution of these constitutional challenges. In addition, whether the damages cap will apply to a jury trial award affects the overall value of the case should there be any discussion of settlement, the types of experts that Plaintiff will choose to hire to prepare for trial, and the trial strategies and court costs at any future trial of this matter. A declaratory judgment is necessary to relieve Plaintiff of the uncertainty and insecurity with respect to her rights under the Tennessee Constitution in light of Tenn. Code Ann. § 29-39-102.

45. A judicial determination of Plaintiff's rights is necessary and appropriate at this time because of Tenn. Code Ann. § 29-39-102 (g), which provides, that the existence of caps "shall not be disclosed to the jury, but shall be applied by the court to any award of noneconomic damages." That provision is inconsistent with an instruction to the jury that it will find the amount of non-economic damages.

46. Jurors, as a matter of law, are presumed to know the law, and therefore to know of the existence of the caps, despite the preclusion of any mention of them.

47. Jurors, as a matter of fact, know about the existence of caps.

48. Knowledge of the existence of caps makes any final verdict untrustworthy with regard to the jury's actual evaluation of caps. For example, if a jury identified a range of $2-3 million as a possible range of appropriate noneconomic damages, it would be irrational for a juror with knowledge of the caps not to disclose that the lower limit of the range was above the amount legally possible to give. A final verdict of $750,000 would not reflect the real evaluation of the jury but could preclude judicial review of the constitutionality of the cap.

49. Absent the ability to discuss the cap, it is impossible to select with any appropriate degree of certainty jurors who can put aside any knowledge of the existence of the caps in rendering a verdict.

50. Defendants have a real interest, adverse to Plaintiff, in having the cap under Tenn. Code Ann. § 29-39-102 applied to limit the damages and their liability in this case.

51. Pursuant to Tenn. Code Ann. § 29-14-107, a copy of the original Complaint has been served on the Attorney General of the State of Tennessee, notifying the State of Tennessee Attorney General that Plaintiff is challenging the constitutionality of Tenn. Code Ann. § 29-39-102.

52. The inability to make fundamental strategy decisions and evaluations, due to the current uncertainty as to Plaintiff's legal rights, constitutes a real, actual, justiciable controversy between the parties that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COMPENSATORY DAMAGES

53. As a direct and proximate result of the negligent acts and omissions of the Defendants alleged herein, Plaintiff was injured and damaged. The injuries and damages for which Plaintiff seeks compensation from the Defendants include, but are not limited to:

    a. physical pain and suffering of a past, present and future nature;

    b. emotional pain and suffering of a past, present and future nature;

    c. permanent impairment and scarring;

    d. medical bills and expenses of a past, present and future nature;

    e. loss of earnings;

  f.  loss of earning capacity;

  g.  loss of enjoyment of life;

  i.  post-judgment interest;

  j.  statutory and discretionary costs; and

  k.  all such further relief, both general and specific, to which she may be entitled under the premises.

## PRAYER FOR RELIEF

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff sues the Defendants for his personal injuries and prays for a judgment against the Defendants for compensatory damages in an amount considered fair and reasonable by a jury not to exceed Five Million Dollars ($5,000,000.00), including non-economic damages in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00), and for all such further relief, both general and specific, to which he may be entitled under the premises.

Respectfully submitted,

BAILEY & GREER, PLLC

s/ Thomas R. Greer (#24452)
s/ Austin Fleming (#30507)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
(901) 680-9777 (ph)
(901) 680-0580 (f)
tgreer@baileygreer.com
afleming@baileygreer.com

## CERTIFICATE OF SERVICE

  I, Austin Fleming, hereby certify that a true and accurate copy of the foregoing has been served upon the Court and upon the following persons via the CM/ECF system on Tuesday, May 5, 2015:

Carl Wyatt, Esq.
Glassman, Wyatt, Tuttle & Cox P.C.
26 N. Second Street
Memphis, TN 38103
(901) 527-4673 (ph)
(901) 521-0940 (f)
cwyatt@gewwlaw.com
  *Attorney for Raider Express, Inc.*

                s/ Austin Fleming
                AUSTIN FLEMING

  I, Austin Fleming, do hereby certify that a true and accurate copy of the foregoing has been served upon the following party via certified mail return receipt requested on Tuesday, May 5, 2015:

The Office of Attorney General and Reporter
Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243
  *Attorney for the State of Tennessee*

                s/ Austin Fleming
                AUSTIN FLEMING