IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. CHATMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:15-cv-1098-JDB-egb |
| | * | |
| RAIDER EXPRESS, INC. | * | |
| and WINSTON DENNIS, JR., | * | |
| | * | |
| Defendants. | * | |

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference was held on May 26, 2015. Present were Thomas R. Greer, Counsel for Plaintiff, William J. Chatman, and Carl Wyatt, Counsel for Defendant, Raider Express, Inc. (To date, the additional Defendant, Winston Dennis has not been served) Prior to the scheduling conference, on May 12, 2015, Counsel for the Parties conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: June 9, 2015

**MOTIONS TO JOIN PARTIES**: July 27, 2015

**MOTIONS TO AMEND PLEADINGS**: July 27, 2015

**MOTIONS TO DISMISS**: August 24, 2015

**ALTERNATIVE DISPUTE RESOLUTION:**

   **(a)  ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** August 18, 2015

**(b)  SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4 (c)[1]:**

    **Mediator's Name:**  Fred Collins or Jerry Potter

    **Stipulation Filing Date:**  May 19, 2015

**COMPLETING ALL DISCOVERY**:  February 8, 2016

  (a) **WRITTEN DISCOVERY**:  January 11, 2016

  (b) **DEPOSITIONS**:  February 8, 2016

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

  (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  December 10, 2015

  (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  January 11, 2016

  (c) **EXPERT WITNESS DEPOSITIONS**:  February 8, 2016

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: February 23, 2016

**SUPPLEMENTATION UNDER RULE 26(e)(2)**:  February 8, 2016

**FILING DISPOSITIVE MOTIONS**:  March 9, 2016

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will simply with the default standards described in Local Rule 26.1(e) until such time, if ever, that the Parties reach an agreement and the Court approves the Parties' e-discovery plan.

    Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    No depositions may be scheduled to occur after the discovery deadline.  All discovery requests or other discovery-related filings that require a response must be served sufficiently in

---

[1] In the event that Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel.  Pro Se IFP Mediation Plan 6.

advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a <u>jury</u> trial.  The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order.  The parties anticipate the trial will last approximately 3 days.

The parties are ordered to engage in ADR before the close of discovery.  Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56.  As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response.  Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties <u>do not</u> consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

<u>s/ Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

3